UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNEL M. BAILEY,<br><br>          Petitioner,<br><br>     v.<br><br>ROB ST. ANDRE,<br><br>          Respondent. | Case No.   2:23-cv-01228-TLN-JDP (HC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>ECF No. 13 |

Petitioner Johnel M. Bailey, a state prisoner, brought this section 2254 action attacking a prison disciplinary conviction that allegedly violated his due process rights. ECF No. 1 at 5, 7-8. Respondent has moved to dismiss the petition for lack of jurisdiction, arguing that it falls outside the core of habeas corpus because, even if petitioner is successful in overturning his conviction, it will not necessarily result in his earlier release. ECF No. 13 at 3-4. Petitioner has filed an opposition, ECF No. 19, and no reply has been filed within the deadline. For the reasons stated hereafter, I agree with respondent and recommend that the petition be dismissed.

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v.*

1

1  *Maass,* 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears"
2  that the petitioner is not entitled to relief and, if so, recommend dismissal.

3  As noted above, respondent argues that success in this case will not necessarily result in
4  an earlier release for petitioner. I agree. In *Nettles v. Grounds*, the Court of Appeals held that,
5  unless a successful petition would necessarily result in a petitioner's earlier release from
6  confinement, the action fell outside "the core of habeas corpus" and must be litigated under
7  section 1983. 830 F.3d 922, 935 (9th Cir. 2016). Respondent argues that petitioner has no
8  determinate release date and will only be released if the California Board of Parole Hearings and
9  the Governor deem him suitable for parole. ECF No. 13 at 3-4, 6 (noting indeterminacy of the
10 sentence). Thus, as in *Nettles*, success in this case and restoration of petitioner's one hundred and
11 fifty days of good conduct credits would not necessarily result in his earlier release. *Nettles*, 830
12 F.3d at 935 (rejecting argument that an expectation of an earlier parole hearing date caused action
13 to fall within core of habeas corpus and noting that "[b]ecause the parole board has the authority
14 to deny parole on the basis of any of the grounds presently available to it, the presence of a
15 disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction
16 compel the grant of parole") (internal quotation marks and citation omitted). I note that petitioner
17 does not dispute that his release is contingent on a favorable decision from the parole board. ECF
18 No. 19 at 2.

19 The only remaining question is whether to convert this action into one for section 1983. I
20 decline to do so. The filing fee for a section 1983 action is significantly higher than one for filing
21 a habeas petition. Additionally, petitioner identifies February 2023 as his date of conviction, ECF
22 No. 1 at 1, and, as such, he does not appear close to running afoul of the statute of limitations for
23 section 1983 actions. Accordingly, it makes more sense to dismiss this action and allow
24 petitioner the chance to refile it, if he chooses to do so, as a separate section 1983 action.

25 It is, therefore, RECOMMENDED that respondent's motion to dismiss ECF No. 13, be
26 GRANTED and that the petition be DISMISSED.

27 These findings and recommendations are submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 27, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE